# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON BOWER, | Case No.  1:15-cv-00079-GEB-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| FOSTER FARMS, | (ECF No. 5) |
| Defendant. | OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Baron Bower ("Plaintiff"), appearing pro se in this action, filed the complaint in this action on January 16, 2015.  (ECF No. 1.)  Currently before the Court is Defendant Foster Farm's motion to dismiss.  (ECF No. 5.)  No opposition to the motion has been filed.[1]

A hearing on the motion to dismiss was held on March 18, 2015.  (ECF No. 15.)  Counsel Josiah Prendergast appeared for Defendant and Mr. Bower appeared in propria persona.  (Id.) Having considered the moving papers, arguments at the March 18, 2015 hearing, as well as the

---

[1] On March 4, 2015, Plaintiff filed a motion for an extension of time to file his opposition to the motion to dismiss. Defendant filed an opposition to the motion on March 5, 2015.  The Court attempted to set up an informal teleconference with the parties to discuss the request for an extension of time but Plaintiff did not respond to the Court's attempts. Accordingly, this action was assigned to a district judge as the parties had not consented to the jurisdiction of the magistrate judge.  Subsequently, the district judge referred the motion to the undersigned.  On March 13, 2015, an order issued directing Plaintiff to file his opposition to the motion to dismiss by noon on March 17, 2015.  Plaintiff did not file an opposition to the motion to dismiss.

Although Plaintiff did not file an opposition to the motion and, pursuant to the Local Rules, was not entitled to be heard in opposition at the March 18, 2015 hearing, the Court did exercise its discretion to allow Plaintiff to present his arguments in opposition to the motion as he is not represented by counsel in this action.

1

1   Court's file, the Court issues the following findings and recommendation.

2   **I.**

3   **BACKGROUND**

4       Plaintiff began working for Foster Farms in 1982.  He was one of six employees who

5   filed a lawsuit against Foster Farms in March of 2002.  The employees were represented by

6   counsel in the 2002 action.  The parties engaged in mediation that lasted 15 hours.  The parties to

7   the action, including Plaintiff entered into a settlement agreement.  The settlement agreement

8   provides that the plaintiffs waive, release and forever discharge and agree they will not pursue or

9   prosecute any claims, complaints, charges, etc. for any claims under Title VII of the 1964 Civil

10   Rights Act, the California Fair Housing and Employment Act, Government Code § 12900 et

11   seq., the California Labor Code, the American's with Disabilities Act, the California Family

12   Leave Act, the Age Discrimination in Employment Act, and the Employment Retirement Income

13   Security Act against Foster Farms or any of its current or former owners, officials, directors,

14   officers, shareholders, affiliates, etc. with respect to any event, matter, claim, damage or injury

15   arising out of the plaintiffs' employment relationship with Foster Farms.  Plaintiff received a

16   monetary settlement and as part of the settlement agreement he resigned his position with Foster

17   Farms.

18       Plaintiff was offered a job in 2006 by Beazer Homes which was withdrawn after Foster

19   Farms gave him a poor reference stating he was not working due to violence in the workplace.

20   In 2007, Plaintiff filed a case in this Court, Bower v. Foster Farms Dairy, 1:07-cv-0917-LJO-

21   SMS.  As relevant here, after defendant filed a motion to dismiss or alternately for summary

22   judgment, Judge O'Neill dismissed the case finding that Plaintiff was bound by the terms of the

23   settlement agreement and did not seek rescission during the limitations period.

24       In this action, Plaintiff seeks to set aside the settlement agreement in the 2002 case and

25   restore his rights.

26   **II.**

27   **LEGAL STANDARD**

28       Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on

1 the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A

2 complaint must contain "a short and plain statement of the claim showing that the pleader is

3 entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not

4 require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

5 unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

6 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a

7 complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-

8 79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9 conclusory statements, do not suffice."  Id. at 678.

10        In deciding whether a complaint states a claim, the Ninth Circuit has found that two

11 principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint

12 "may not simply recite the elements of a cause of action, but must contain sufficient allegations

13 of underlying facts to give fair notice and to enable the opposing party to defend itself

14 effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair

15 to require the defendant to be subjected to the expenses associated with discovery and continued

16 litigation, the factual allegations of the complaint, which are taken as true, must plausibly

17 suggest an entitlement to relief.  Starr, 652 F.3d at 1216.

**III.**

**DISCUSSION**

20        Defendant moves to dismiss this action with prejudice on the grounds that no basis for

21 federal jurisdiction is pled in the complaint, Plaintiff has not alleged facts to state a claim, and

22 each claim is settled, time-barred, waived or all of the above.

**A.      Subject Matter Jurisdiction**

24        Initially, defendant moves to dismiss this action on the ground that subject matter

25 jurisdiction does not exist.  Federal courts are courts of limited jurisdiction and their power to

26 adjudicate is limited to that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir.

27 2000).  Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising

28 under the Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law

1    either where federal law creates the cause of action or where the vindication of a right under state

2    law necessarily turns on some construction of federal law." Republican Party of Guam v.

3    Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise

4    Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).

5    "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

6    complaint rule,' which provides that federal jurisdiction exists only when a federal question is

7    presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam,

8    277 F.3d at 1089 (citations omitted).

9        For this action to arise under federal law, Plaintiff must establish that "federal law creates

10   the cause of action" or his "asserted right to relief depends on the resolution of a substantial

11   question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029

12   (9th Cir. 2011). Plaintiff alleges in his complaint that the settlement agreement that he entered

13   into in 2002 clearly violates the Equal Employment Opportunity Commission's ("EEOC") laws

14   as it 1) was not written at the level of education suitable for the plaintiffs; 2) it contained long

15   sentences that seem to run together; 3) it possesses ambiguity in certain areas; and 4) it lacked

16   adequate consideration.[2]  (Compl. 2-3, ECF No. 1.)

17        Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. [§] 2000e
          et seq., to assure equality of employment opportunities by eliminating those
18        practices and devices that discriminate on the basis of race, color, religion, sex,
          or national origin. [ ] Cooperation and voluntary compliance were selected as
19        the preferred means for achieving this goal. To this end, Congress created the
          Equal Employment Opportunity Commission and established a procedure
20        whereby existing state and local equal employment opportunity agencies, as well
          as the Commission, would have an opportunity to settle disputes through
21        conference, conciliation, and persuasion before the aggrieved party was
          permitted to file a lawsuit. In the Equal Employment Opportunity Act of 1972,
22        Pub. L. 92—261, 86 Stat. 103, Congress amended Title VII to provide the
          Commission with further authority to investigate individual charges of
23        discrimination, to promote voluntary compliance with the requirements of Title
          VII, and to institute civil actions against employers or unions named in a
24

25   [2] Plaintiff alleges that the settlement agreement lacked adequate consideration, and at the March 18, 2015 hearing
     Plaintiff argued that the agreement was unfair as he was entitled to a larger settlement. However review of the
26   actual settlement agreement, which was filed in the 2007 action, shows that Plaintiff received a substantial amount
     to settle his claims in the action. See Bower v. Foster Farms Dairy, 1:07-cv-0917-LJO-SMS, ECF No. 1 at 9-10. "A
27   court will not examine the adequacy of consideration, as long as something of value has passed between the parties.
     The legal sufficiency of the consideration given in exchange for a promise does not depend upon the comparative
28   economic value of the consideration and of what is promised in return." 17 C.J.S. Contracts § 160. Plaintiff clearly
     received something of value in exchange for settling his claims in the 2002 action.

1   discrimination charge.

2   Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974) (citation omitted).

3         Plaintiff's complaint does not allege any violations of Title VII and the allegation that the

4   settlement agreement violates the EEOC laws is not sufficient to establish that federal law

5   creates a cause of action or his asserted right to relief depends on the resolution of a substantial

6   question of federal law.  Plaintiff has not alleged any facts to raise federal question jurisdiction in

7   this action.

8         District courts also have original jurisdiction of all civil actions between citizens of

9   different States in which "the matter in controversy exceeds the sum or value of $75,000,

10  exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of

11  citizenship and the presence "of a single plaintiff from the same State as a single defendant

12  deprives the district court of original diversity jurisdiction over the entire action."  Abrego

13  Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  In

14  order to plead a claim by virtue of diversity of citizenship, Plaintiff is required to plead the

15  essential elements of diversity jurisdiction.  Bautista v. Pan American World Airlines, Inc., 828

16  F.2d 546, 552 (9th Cir. 1987).

17        Plaintiff has not set forth his residency or the residency of Defendant in this action, nor

18  has he set forth the damages sought in the complaint.  Plaintiff has failed to allege facts to show

19  that diversity jurisdiction exists in this action.  Following the hearing, Defendant filed a request

20  for judicial notice of the California Secretary of State website showing that it is a California

21  corporation.  The Court shall take judicial notice of the business entity detail, Reyn's Pasta Bella,

22  LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006), and finds that Plaintiff cannot

23  state a claim based on diversity jurisdiction in this action as diversity of citizenship does not exist

24  between the parties.

25        As Plaintiff has failed to include facts to show that the Court has subject matter

26  jurisdiction over his claims, the Court recommends that Defendant's motion to dismiss for lack

27  of subject matter jurisdiction should be granted.

28        **B.**       **Plaintiff's Claims are Time Barred**

5

1    Plaintiff appears to raise four causes of action in his complaint: 1) rescission of the

2  settlement agreement; 2) retaliation for participating in protected activity; 3) wrongful

3  termination; and 4) retaliation in the form of a negative job referral.

4    1.    Statute of Limitations

5    Initially, the Court notes that all the factual allegations in the complaint involve incidents

6  that occurred in 2006 or prior.

7    a.    Rescission of the Settlement Agreement

8    California provides that the statute of limitations on rescission of written contracts is four

9  years.  Cal. Civ. Code § 337(3).  Where rescission is based on fraud or mistake, the time begins

10  to run at the time that the party discovers the facts constituting fraud or mistake.  Id.  Where a

11  party seeks affirmative relief, his claim may be barred when he fails to act within the statute of

12  limitations period.  Ferguson v. Yaspan, 233 Cal.App.4th 676, 682 (2014).  The statute of

13  limitations begins to run once every element of the cause of action has occurred.  Ferguson, 233

14  Cal.App.4th at 683.

15    Plaintiff alleges that he was subjected to a severe miscarriage of justice by the unlawful

16  acts and fraud of Defendant; Defendant had overwhelming power, influence and unequal

17  bargaining positions; and violated their business practices by interfering with the insurer's

18  process for the fair settlement of claims.  (ECF No. 1 at 2.)  Plaintiff states that he clearly

19  remembers Joe Alioto (his attorney) going over the agreement and having him sign in certain

20  places.  (Id. at 3.)  Although Plaintiff makes conclusory allegations of fraud on the part of

21  Defendants, there are no facts pled in the complaint to state a cognizable claim for fraud.

22    Rule 9 provides that to plead fraud or mistake, a party "must state with particularity the

23  circumstances constituting fraud. . . ."  Fed. R. Civ. P. 9(b).  Under California law, "[f]raud is an

24  intentional tort, the elements of which are (1) misrepresentation; (2) knowledge of falsity; (3)

25  intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage."

26  Conrad v. Bank of Am., 45 Cal. App. 4th 133, 156 (1996).  Plaintiff has alleged no facts from

27  which the Court could infer that Defendant made a misrepresentation with knowledge of falsity

28  and an intent to defraud.  Iqbal, 556 U.S. at 678-79 (to survive a motion to dismiss, plaintiff's

1   claims must be facially plausible, which requires sufficient factual detail to allow the court to

2   reasonably infer that each named defendant is liable for the misconduct alleged).

3        Plaintiff was represented by counsel in the 2002 action.   The parties engaged in

4   mediation, and a settlement agreement was entered into in which Plaintiff received a substantial

5   settlement.   While Plaintiff argues that Defendant's insurance policy contained per incident

6   coverage and he now believes he should have received more money in settlement of his claims,

7   this is not a basis to find fraud on the part of Defendant.   Plaintiff has not alleged any facts that

8   he was not aware of in 2002 when he entered into the settlement agreement.   The statute of

9   limitations to rescind the contract would have begun to run when the agreement was

10  consummated.

11       Further, Plaintiff filed an action seeking rescission in 2007, at which time he was aware

12  of all facts pled in this complaint.  See Bower v. Foster Farms Dairy, 1:07-cv-0917-LJO-SMS at

13  ECF No. 1.[3]  Even were there some reason to toll the statute of limitations, Plaintiff was aware of

14  all facts herein alleged in 2007.   This action is filed eight years later.   Plaintiff's claim for

15  rescission of contract is barred by the statute of limitations.

16       Plaintiff's claims in this action that arise during his employment with Foster Farms were

17  released in the settlement agreement entered into in 2002 in exchange for substantial monetary

18  compensation.   Plaintiff cannot now seek to reassert these claims that were waived in the

19  settlement.

20       b.      Employment Claims

21       Plaintiff's employment related claims, even if they were not waived by virtue of the

22  settlement agreement, are also barred by the statute of limitations.   The statute of limitations

23  begins to run on Plaintiff's wrongful termination claim on the date of his termination, Romano v.

24  Rockwell Internat., Inc., 14 Cal.4th 479, 492-93 (1996), the other employment related claims

25  would have accrued prior to this date.

---

26  [3] As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6)
    motion. United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  There are two exceptions to this
27  rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents.
    Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Judicial notice may be taken "of court filings and
28  other matters of public record."   Reyn's Pasta Bella, LLC, 442 F.3d at 746 n.6; Lee, 250 F.3d at 689.

1       Claims under California's Fair Employment and Housing Act ("FEHA") are governed by

2 two statutory deadlines. Acuna v. San Diego Gas & Electric Co., 217 Cal.App.4th 1402, 1411

3 (2013). Section 12960 of the California Government Code provides that an employee must

4 exhaust administrative remedies by filing an administrative complaint within one year after the

5 alleged conduct occurred. Acuna, 217 Cal.App.4th at 1412. Section 12965 provides that after an

6 employee receives a right to sue letter, the employee must bring a civil suit within one year of

7 the date of the notice. Id. at 1413. Plaintiff's employment related claims would have had to

8 have been brought within one year of receiving the right to sue letter. Plaintiff's claims under

9 the FEHA are barred by the statute of limitations.

10       Similarly, to the extent that Plaintiff could bring claims under Title VII, federal law

11 provides that a plaintiff must file an EEOC charge within 300 days after the alleged conduct

12 occurred. Lelaind v. City and County of San Francisco, 576 F.Supp.2d 1079, 1091 (N.D. Cal.

13 2008). After receiving the right to sue letter, a plaintiff generally has 90 days to file suit. Stiefel

14 v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir. 2010). The allegations regarding work related

15 acts were complete in 2002 and this suit filed more than thirteen years later is beyond the time

16 allowed to bring suit under either the FEHA or the EEOC.

17       California courts apply a two year statute of limitations to claims for wrongful

18 termination in violation of public policy. Mathieu v. Norrell Corp., 115 Cal.App.4th 1174, n.14

19 (2004) (applying 2 year statute of limitations in Code of Civil Procedure section 335.1).

20 Plaintiff's wrongful termination claim accrued in December 2002 when he resigned due to the

21 settlement agreement. (ECF No. 1 at 62.) To comply with the applicable statute of limitations,

22 this claim must have been brought by December 2004. Plaintiff's complaint in this action was

23 not filed until January 16, 2015, more than ten years after the statutory period expired.

24       Finally, the most current allegation in Plaintiff's complaint is that he was offered a job in

25 2006 and the offer was rescinded. Plaintiff contends that the offer was withdrawn because Foster

26 Farms gave him a poor reference. At the March 18, 2015 hearing, Plaintiff stated that the day

27 after being offered the job, he was told the offer was being withdrawn because Foster Farms

28 stated the reason he was not working was because of violence in the workplace. Plaintiff

1   contends that Foster Farms made this misrepresentation as retaliation for his participation in the

2   investigation of prior lawsuits against Defendant.

3        These allegations were included in the 2007 complaint and based on Plaintiff's testimony

4   at the March 18, 2015 hearing, he was aware of all facts regarding this retaliation claim in close

5   proximity to the job offer being rescinded.  Plaintiff's claim in this action, brought over seven

6   years after the incident, is untimely and is barred by the statute of limitations.

7        **C.      Leave to Amend**

8        Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

9   requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)

10  (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the

11  amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

12  delay in the litigation; or (4) is futile."  Id.

13       Plaintiff's claims raised in this action have either been waived by the settlement

14  agreement which was entered into in 2002 or are barred by the statute of limitations or both.  For

15  these reasons, the Court finds that amendment of the complaint would be futile.  Accordingly,

16  the Court recommends that the complaint be dismissed without leave to amend.

**IV.**

**CONCLUSION AND RECOMMENDATION**

19       Based on the foregoing, IT IS HEREBY RECOMMENDED that:

20       1.     Defendant's motion to dismiss be granted; and

21       2.     The complaint in this action be dismissed without leave to amend.

22       These findings and recommendations are submitted to the district judge assigned to this

23  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty

24  days (20) days of service of this recommendation, any party may file written objections to these

25  findings and recommendations with the Court and serve a copy on all parties.  Such a document

26  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

27  district judge will review the magistrate judge's findings and recommendations pursuant to 28

28  U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

1  time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th

2  Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4  IT IS SO ORDERED.

5  Dated:   **March 19, 2015**

                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28